# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1046V
Filed: April 8, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| DAINA COCCIARDI, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., for petitioner.
*Amy Paula Kokot*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 21, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered "right shoulder injuries [which] were caused-in-fact by her November 11, 2013 influenza vaccination." Petition, ¶ 27. On February 10, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's Proffer. (ECF No. 22).

On March 21, 2016, petitioner filed an application for attorneys' fees and costs. (ECF No. 28). Petitioner requests attorneys' fees in the amount of $11,358.00 and attorneys' costs in the amount of $431.80 for a total amount of $11,789.80 for The Law

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Office of Bruce W. Slane, P.C. *Id.* at 1. Additionally, petitioner requests attorneys' fees in the amount of $1,293.50 and attorneys' costs in the amount of $748.34 for a total amount of $2,041.84 for Sayegh Law. *Id.* at 2. The total attorneys' fees and costs requested in this case are $13,831.64. *Id.* In accordance with General Order #9, petitioner's counsel filed a Declaration on March 29, 2016 representing that petitioner incurred no out-of-pocket expenses. (ECF No. 30).

On March 24, 2016, respondent's counsel indicated by email correspondence that respondent will not be filing a response to Petitioner's Application for Attorneys' Fees and Costs filed on March 21, 2016. Respondent's counsel further indicated that although respondent has no objection to the overall amount, the lack of objection "should not be construed as an admission, concession, or waiver as to any of the matters raised by petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested." (Informal Remark, dated March 28, 2016).

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable. However, the undersigned notes that Sayegh Law has incorrectly added the total attorney time billed as 6.7 hours, (ECF No. 28-2 at 20), when in fact the total attorney time billed for Sayegh Law Firm is 6.2 hours.[3] *Id.* Accordingly, the undersigned reduces the award to Sayegh Law Firm by .5 hours or $72.50, for a total award to Sayegh Law Firm of $1,969.34, and a total award of attorneys' fees and costs of $13,759.14.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,759.14[4] as follows:**

- **A lump sum of $11,789.80, representing reimbursement for attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, The Law Office of Bruce W. Slane, P.C.**

---

[3] The undersigned notes that based on the billing records submitted for Sayegh Law: Robert A. Weis billed 5 hours, Merry L. Abraham billed .7 hours, and Ashlee Kelly billed .5 hours for a total of 6.2 hours billed at $145 an hour. (ECF No. 28-2 at 17-20.) The undersigned notes that in addition to incorrectly adding the attorneys' total hours, the billing records incorrectly indicate Ms. Abraham billed for .5 hours and Ms. Kelly billed for .7 hours. *Id.* at 20.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $1,969.34, representing reimbursement for petitioner's former attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's former counsel, Sayegh Law.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.